UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
WASHINGTON SHOE COMPANY,                )
                                        )
                Plaintiff,     )   No. C09-1042RSL
                                        )
     v.                                 )
                                        )   ORDER ALLOWING DISCOVERY
A-Z SPORTING GOODS, INC.,               )   REGARDING JURISDICTIONAL
                                        )   FACTS
                Defendant.     )
_____)

This matter comes before the Court on "A-Z's Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(2). Dkt. # 9. Plaintiff, a Washington corporation, alleges that defendant produced and sold two boot designs that infringe plaintiff's copyright and trade dress in violation of both federal and state law. Defendant, an Arkansas corporation, asserts that this Court does not have personal jurisdiction over it and seeks dismissal of plaintiff's claims.

Between October 2007 and April 2009, defendant purchased over 3000 items from plaintiff. As part of this on-going business relationship, defendant received catalogues of Washington Shoe Company's wares,[1] applied for and received a line of credit from plaintiff, received invoices for its purchases, and made appropriate payments. Although defendant was

---

[1] Defendant did not purchase plaintiff's spider or polka dot boots. Plaintiff implies that defendant saw plaintiff's spider and polka dot designs but decided to purchase similar boots elsewhere at a cheaper price with full knowledge of plaintiff's intellectual property rights.

ORDER ALLOWING DISCOVERY
REGARDING JURISDICTIONAL FACTS

clearly aware that Washington Shoe Company is a Washington corporation, most, if not all, of the contacts between the parties occurred in Arkansas: the relationship began when plaintiff's representative visited defendant's offices in Arkansas, an Arkansas contact number is handwritten on the top of the commercial credit application, and there is no evidence that defendant ever came to Washington to conduct business with plaintiff. Plaintiff further alleges that defendant maintains a website and has offered products on eBay, raising the possibility that defendant has engaged in sales to Washington citizens. At this point, however, there is no evidence from which one could conclude that defendant focused its sales efforts on Washington or actually sold goods in this state.

Based on the existing record, the Court would find that defendant's corporate operations within the state are not so "continuous and systematic" (Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984)) that the exercise of general jurisdiction is appropriate. Absent evidence that A-Z conducted significant sales in Washington or had continuing obligations in the state, there is no inference that defendant is "present" in this forum. Nor would the Court find that plaintiff has shown *prima facie* evidence supporting the exercise of specific jurisdiction because plaintiff's infringement and trade dress claims did not arise from defendant's contacts in this state. Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). A-Z's contacts with Washington Shoe Company are not the subject of plaintiff's claims, and there is no indication that A-Z sold infringing products in Washington. In such circumstances, the exercise of specific jurisdiction over A-Z would not be reasonable.

Plaintiff has not had an opportunity to test defendant's claim that it "has never sold any goods, of any kind, to any person, business or entity in the State of Washington." Affidavit of Tonia Dray (Dkt. # 9). Because this allegation is critical to both the general and specific jurisdiction analysis, the Court will continue consideration of defendant's motion for sixty days to allow plaintiff to take discovery regarding this issue. See Laub v. U.S. Dep't of Interior, 342

ORDER ALLOWING DISCOVERY
REGARDING JURISDICTIONAL FACTS           -2-

F.3d 1080, 1093 (9th Cir. 2003) (noting that discovery should ordinarily be allowed where a more satisfactory showing of jurisdictional facts is necessary).

For all of the foregoing reasons, the Clerk of Court is directed to renote "A-Z's Motion to Dismiss" (Dkt. # 9) on the Court's calendar for Friday, January 22, 2010.  Plaintiff may conduct discovery regarding jurisdictional facts until January 11, 2010, and may file a supplemental opposition to defendant's motion to dismiss on or before January 18, 2010.  Defendant may file a supplemental reply on or before January 22, 2010.

Dated this 9th day of November, 2009.

Robert S. Lasnik
United States District Judge

ORDER ALLOWING DISCOVERY
REGARDING JURISDICTIONAL FACTS          -3-