UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
WASHINGTON SHOE COMPANY,            )
                                    )
                Plaintiff,    )  No. C09-1042RSL
                                    )
   v.                               )
                                    )  ORDER DENYING DEFENDANT'S
A-Z SPORTING GOODS, INC.,           )  MOTION TO DISMISS
                                    )
                Defendant.    )
_____)

This matter comes before the Court on "A-Z's Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(2). Dkt. # 9. Plaintiff, a Washington corporation, alleges that defendant produced and sold spider and polka dot boot designs that infringe plaintiff's copyright and trade dress in violation of federal and state law. Defendant, an Arkansas corporation, asserts that this Court does not have personal jurisdiction over it and seeks dismissal of plaintiff's claims. In the alternative, defendant seeks dismissal for lack of venue or under the doctrine of *forum non conveniens*. Jurisdictional discovery was taken, and this matter is before the Court on supplemental memoranda. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] The Court has not considered the documents received from eBay pursuant to the contested *subpoena duces tecum* because the resolution of this motion does not turn on defendant's internet advertising or sales.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

**A. PERSONAL JURISDICTION**

Because this motion is being decided on the affidavits without the benefit of an evidentiary hearing, plaintiff's burden is to establish a *prima facie* showing of *in personam* jurisdiction over defendant. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). "Conflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Between October 2007 and April 2009, defendant purchased over 3000 items from plaintiff. As part of this on-going business relationship, defendant received catalogues of Washington Shoe Company's wares,[2] applied for and received a line of credit from plaintiff, received invoices for its purchases, and made appropriate payments. All of the physical contacts between the parties occurred in Arkansas: the relationship began when plaintiff's representative visited defendant's offices in Arkansas, an Arkansas contact number is handwritten on the top of the commercial credit application, and there is no evidence that defendant ever came to Washington to conduct business with plaintiff. Plaintiff has, however, alleged that defendant was aware that Washington Shoe Company is a Washington corporation and that it sought out infringing boots at a cheaper price with full knowledge of plaintiff's intellectual property rights.

In order to exercise specific jurisdiction over a non-resident under the federal constitution:

> (1) [t]he nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results

---

[2] Although they were included in the catalogues, defendant chose not to purchase the spider or polka dot boots from plaintiff.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS                          -2-

> from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable.

Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995) (citing Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977)).

> The purposeful availment requirement ensures that defendants will not be haled into a jurisdiction through random, fortuitous, or attenuated contacts. Although there is some disagreement on the issue, we apply different purposeful availment tests to contract and tort cases. Consistent with the Supreme Court's holding in Burger King [Corp. v. Rudzewicz, 471 U.S. 462 (1985)], merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction over a nonresident. In tort cases, however, jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state.

Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995) (citations and internal quotations omitted). A claim of willful copyright infringement is considered a tort claim.

The Ninth Circuit has recently evaluated what it means to purposely direct conduct at a forum state in the context of copyright infringement. In Brayton Purcell, LLP v. Recordon & Recordon, 575 F.3d 981 (9th Cir. 2009), a San Diego-based law firm with no contacts in the forum copied verbatim and without attribution plaintiff's website content regarding elder abuse law. Defendant had no clients in the forum and, despite advertising on the internet, was not competing with plaintiff for clients in the forum. Both law firms were, however, willing to represent clients in the San Diego area. The Ninth Circuit concluded that "purposeful direction" or "express aiming" in intellectual property cases requires only that (i) defendant willfully infringe plaintiff's intellectual property with (ii) knowledge that plaintiff resides in the forum and (iii) in a way that places the parties in direct competition and causes confusion regarding the source of the materials. Id. at 987-88. Defendant need not advertise or sell goods or services in the forum as long as the infringing conduct places the parties in competition somewhere.[3]

---

[3] This analysis is difficult to reconcile with earlier Ninth Circuit authority applying the Calder effects test. In Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004), defendant, an

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS                                -3-

Plaintiff has provided evidence that, after it informed defendant that the spider and polka dot boots defendant was selling infringed plaintiff's copyright, defendant continued to sell the infringing goods. Plaintiff has also provided evidence from which one could infer that defendant knew plaintiff is a Washington corporation and that injury from the alleged infringement would result in Washington. Finally, defendant's conduct placed the parties' goods in direct competition in the Arkansas market, thereby satisfying the third element of the Brayton Purcell analysis. Despite its prominence in plaintiff's supplemental memorandum and the Court's prior acknowledgment that Brayton Purcell has altered the "purposeful direction" analysis in intellectual property cases (Dkt. # 40), defendant did not acknowledge, much less attempt to distinguish, Brayton Purcell or its application to the facts of this case. The Court is

---

Ohio car dealership, advertised its wares using a clearly recognizable image of Arnold Schwarzenegger, a resident (and then-governor) of California. Defendant was not advertising in or seeking customers from California. Because the advertisements were circulated only in Ohio, the Ninth Circuit found that the intentional acts (publication of an infringing advertisement) were expressly aimed at Ohio rather than at California. Even if defendant knew Schwarzenegger lived in California and that the unauthorized use of his image would cause injury there, jurisdiction was not proper because "Fred Martin's express aim was local." Id. at 807.

       The Brayton Purcell court attempts to distinguish Schwarzenegger on two grounds. First, the court states that, in contrast to the situation in Schwarzenegger, "Recordon had every reason to believe that prospective clients in Southern California would see the website – indeed, attracting new business was the point." Brayton Purcell, 575 F.3d at 988. But that is exactly the situation considered in Schwarzenegger: in both cases, defendants were attempting to attract customers in their own locality, not in plaintiff's chosen forum. Under the Schwarzenegger analysis, Recordon's intentional act was expressly aimed at Southern California and would not establish minimum contacts with the forum. Second, the Brayton Purcell court relies on the fact that Recordon's advertisements placed it in direct competition with Brayton Purcell for elder abuse clients in the San Diego area. This argument flies in the face of one of the basic tenets of personal jurisdiction: that it is defendant's contacts with the forum, not plaintiff's interests or activities, that are relevant to the minimum contacts inquiry. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1168-69 (9th Cir. 2006) ("The cornerstone of the due process inquiry is an analysis of the defendant's contacts with the selected forum."). See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). The Ninth Circuit does not explain how plaintiff's activities outside the forum (*i.e.*, Brayton Purcell's practice of law in Southern California) could possibly generate jurisdictional contacts between defendant and the forum.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS                            -4-

not similarly free to ignore this controlling Ninth Circuit authority.

## B. IMPROPER VENUE

Defendant argues that venue is improper in this district under 28 U.S.C. § 1391(b) because defendant does not reside here, none of the events giving rise to this action occurred in Washington, and the action could have been brought in the Western District of Arkansas. Pursuant to 28 U.S.C. § 1391(c), however, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Because the Court has the power to exercise personal jurisdiction over defendant in this case, defendant "resides" in this district and venue is proper.

## C. FORUM NON CONVENIENS

"[T]he central focus of the *forum non conveniens* inquiry is convenience . . . ." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 248-49 (1981). Generally, "a plaintiff's choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." Piper Aircraft, 454 U.S. a 241 (citations omitted).

Defendant bears the burden of showing that a *forum non conveniens* dismissal is appropriate. Creative Tech., Ltd. v. Aztech Sys. Pte. Ltd., 61 F.3d 696, 699 (9th Cir. 1995). Defendant has shown only that each party would prefer to litigate in its home forum. The Court will not ignore plaintiff's convenience and its choice of forum absent a showing that the balance of private and public interests favor dismissal.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS -5-

For all of the foregoing reasons, defendant's motion to dismiss is DENIED.

DATED this 19th day of July, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS                -6-