1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                )
WASHINGTON SHOE COMPANY,              )
                                                )        No. C09-1042RSL
                      Plaintiff,                )
                                                )
             v.                                 )
                                                )        ORDER TO SHOW CAUSE
A-Z SPORTING GOODS, INC.,                )
                                                )
                      Defendant.                )
_____)

      This matter comes before the Court on "Defendant's Motion to Permit an Interlocutory Appeal and for Stay." Dkt. # 68.  A-Z Sporting Goods seeks leave to pursue an interlocutory appeal of this Court's order denying defendant's motion to dismiss based on lack of personal jurisdiction.  In denying the motion to dismiss, the Court relied primarily on the analysis set forth in <u>Brayton Purcell, LLP v. Recordon & Recordon</u>, 575 F.3d 981 (9th Cir. 2009) (<u>Brayton Purcell I</u>).  That analysis has been superceded by <u>Brayton Purcell, LLP v. Recordon & Recordon</u>, 606 F.3d 1124 (9th Cir. 2010) (<u>Brayton Purcell II</u>).  Although the holding remains the same, the Ninth Circuit deleted language from <u>Brayton Purcell I</u> which suggested that defendant's conduct was aimed solely at Southern California and added facts from which the panel concluded that defendant's advertising was aimed at the forum.

      Taken at face value, the <u>Brayton Purcell II</u> analysis addresses some of the concerns the Court expressed when denying defendant's motion to dismiss.  The revised opinion acknowledges that merely targeting a resident of the forum in a copyright case does not justify

ORDER TO SHOW CAUSE

the exercise of personal jurisdiction over a non-resident defendant.  In order to exercise

jurisdiction in a constitutional manner, the defendant must have taken actions that placed it in

competition with plaintiff *in the forum*.  Brayton Purcell II, 606 F.3d at 1130.

Having reviewed the record in this matter, including plaintiff's "Supplemental

Opposition to A-Z's Motion to Dismiss" (Dkt. # 51) and the Court's "Order Denying Plaintiff's

Motion to Extend Jurisdictional Discovery" (Dkt. # 57), it does not appear that A-Z Sporting

Goods' operations within the state are so "continuous and systematic" (Helicopteros Nacionales

de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984)) that they "approximate physical presence"

in the forum (Bancroft & Masters, Inc. v. August Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir.

2000)), or that defendant engaged in conduct aimed at, and having effect in, this district (Ziegler

v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)).[1]

Plaintiff is hereby ORDERED to show cause, on or before September 27, 2010,

why this matter should not be dismissed for lack of personal jurisdiction under the Brayton

Purcell II analysis.  Defendant may file a response on or before October 1, 2010.  The Clerk of

Court is directed to note this Order to Show Cause on the Court's calendar for October 1, 2010.

The following motions are stricken from the Court's calendar without prejudice to their being

resubmitted after the Order to Show Cause finally resolved:

Defendant's Motion to Permit an Interlocutory Appeal and for Stay (Dkt. # 68);

Plaintiff's Motion for Summary Judgment for Copyright Infringement (Dkt. # 72); and

Defendant's Motion for Relief from Deadline (Dkt. # 75).

---

[1] Plaintiff's jurisdictional arguments focus primarily on defendant's transaction of business through the worldwide web.  Assuming that A-Z Sporting Goods' on-line store and eBay offerings have the potential to generate sales around the world, it is incumbent on plaintiff, as the party that has the burden of establishing jurisdiction, to show that such sales warrant the exercise of personal jurisdiction over defendant.

1    Dated this 9th day of September, 2010.

2

3    Robert S. Lasnik
     United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER TO SHOW CAUSE                     -3-