UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON SHOE COMPANY,

                Plaintiff,

      v.

A-Z SPORTING GOODS, INC.,

                Defendant.

Case No. C09-1042RSL

ORDER OF DISMISSAL

**I.  INTRODUCTION**

This matter comes before the Court on the parties' responses to a September 9, 2010, Order to Show Cause. Dkt. # 82. Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds as follows:

**II.  DISCUSSION**

    **A.  Standard**

Because this motion is being decided without the benefit of an evidentiary hearing, plaintiff's burden is to establish a *prima facie* showing of *in personam* jurisdiction over defendant. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."

ORDER OF DISMISSAL - 1

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

### B.     Personal Jurisdiction

"The district court's determination of a party's amenability to suit is made by reference to the law of the state in which it sits." Peterson v. Kennedy, 771 F.2d 1244, 1262 n.12 (9th Cir. 1985). Despite the rather narrow terms of Washington's long-arm statute, RCW 4.28.185, the state Supreme Court has held that the statute "extends jurisdiction to the limit of federal due process." Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989). Because the long-arm statute is coextensive with the outer limits of federal due process, the Court need determine only whether the exercise of jurisdiction comports with federal constitutional requirements. Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404-05 (9th Cir. 1994). Plaintiff has not shown that A-Z Sporting Goods' operations within the state could justify the exercise of general personal jurisdiction in this forum.

For this Court to exercise specific personal jurisdiction over a party, the party must satisfy a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Only the first prong is at issue in this case. Since the underlying action in this case is copyright infringement, an intentional tort, the Court must determine whether the defendant purposefully directed its activities at the forum state. See Brayton Purcell, 606 F.3d 1124, 1128 (9th Cir. 2010) (Brayton Purcell II).

Purposeful direction is evaluated under the three-part "Calder-effects" test. See Schwarzenegger, 374 F.3d at 803 (citing Calder v. Jones, 465 U.S. 783 (1984)). A defendant purposefully directs its activities at the forum state if it has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

ORDER OF DISMISSAL - 2

suffered in the forum state." Schwarzenegger, 374 F.3d at 803 (quoting Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)). Whether defendant is subject to personal jurisdiction in this forum turns on Calder's second prong: whether defendant "expressly aimed" its conduct at the forum.

In denying defendant's motion to dismiss, the Court relied primarily on the express aiming analysis set forth in Brayton Purcell, LLP v. Recordon & Recordon, 575 F.3d 981 (9th Cir. 2009) (Brayton Purcell I). See Dkt. # 66. As noted in the Court's show cause order, that analysis was superceded by Brayton Purcell II. In light of this amended opinion, the Court ordered plaintiff to show cause why this action should not be dismissed for lack of personal jurisdiction.

Brayton Purcell involved a Northern California law firm's claim that a Southern California law firm plagiarized the plaintiff's copyrighted website and was therefore subject to suit in the Northern District of California.[1] As in the instant case, the central jurisdictional issue in Brayton Purcell involved the "purposeful direction" prong of the jurisdictional analysis. See Brayton Purcell II, 606 F.3d at 1129-31. Brayton Purcell I & II both held that the defendant law firm had "expressly aimed" its copyright infringement at the forum of the Northern District of California. Brayton Purcell I, 575 F.3d at 988; Brayton Purcell II, 606 F.3d at 1131. Both opinions emphasize the fact that the defendant's alleged infringement "placed the two law firms in competition in the area of elder abuse law" and "created confusion among potential clients as to the true authorship of the elder abuse material." Brayton Purcell I, 575 F.3d at 988; Brayton Purcell II, 606 F.3d at 1130. Brayton Purcell I, however, relied heavily on the fact that the defendant had individually targeted the plaintiff, a known resident of the forum. Brayton Purcell I, 575 F.3d at 988. The amended opinion in Brayton Purcell II deleted language from Brayton

---

[1] Brayton Purcell addressed the question of whether venue was proper in the Northern District of California under the Columbia Pictures venue analysis, which asks whether the defendant would be subject to personal jurisdiction in the venue if the venue were a state. Columbia Pictures, 106 F.3d at 289. Thus, while the Brayton Purcell court was ruling on the issue of venue, its decision rests on personal jurisdiction concepts.

ORDER OF DISMISSAL - 3

Purcell I that emphasized the defendant's targeting of the *plaintiff* and instead added language indicating that the defendant had targeted the *forum*.[2]

Brayton Purcell II markedly shifts the focus of the jurisdictional inquiry from the plaintiff's residence to the defendant's contacts with the forum. This shift in focus is consistent both with past Ninth Circuit precedent and with Calder's prescription that purposeful direction requires conduct "expressly aimed *at the forum state*." Schwarzenegger, 374 F.3d at 803 (emphasis added). This interpretation of Brayton Purcell II is supported by the Ninth Circuit's decision six weeks later in Love v. Associated Newspapers, Ltd., 611 F.3d 601 (9th Cir. 2010). Love was a trademark infringement action brought by a California resident musician against a British company. See id. at 606-07. The District Court for the Central District of California dismissed the complaint against the British defendant on the grounds that it lacked personal jurisdiction. Id. at 608. The Ninth Circuit affirmed, holding that the company had not purposefully directed any activities at the forum state. Id. at 609. In discussing the "expressly aimed" prong of the Calder purposeful direction test, the court rejected the argument that "harm directed at [the plaintiff] was necessarily aimed at California, since his musical career is based in California, and [the defendant] was aware of that when it purposefully interfered with his commercial interests." Id. at 609 n.4. Addressing Brayton Purcell II specifically, the court noted:

> Since this case was argued, we have held that the 'expressly aimed' prong of the purposeful direction test can be met where a plaintiff alleges that the defendant individually targeted him by misusing his intellectual property on the defendant's website for the purpose of competing with the plaintiff in the forum. In Brayton, in contrast to here, the plaintiff (a Southern California law firm) actually alleged facts that, if proven, would show that the defendant (a Northern California law firm) intentionally targeted the plaintiff's business where the plaintiff firm was located. We merely held that the defendant's "conclusory denial" that its actions were not aimed at prospective clients in Northern California did "not rebut" the plaintiff's fact-based

---

[2] Compare, e.g., Brayton Purcell I, 575 F.3d at 988 ("By thus individually targeting Brayton Purcell, a known Forum resident, Recordon expressly aimed its conduct at the Forum."), with Brayton Purcell II, 606 F.3d at 1130 ("Given the paucity of elder abuse firms, and the fact that Recordon used the same website, Recordon's actions placed it in direct competition with Brayton in Northern California.").

ORDER OF DISMISSAL - 4

allegation to the contrary." Id. (internal citation to Brayton Purcell II omitted). Thus, the "express aiming" test still requires more than the individual targeting of a known forum resident. The outcome of Brayton Purcell II was based on the defendant's failure to meet its evidentiary burden, and the case was not intended to effect a dramatic change in this Circuit's jurisdictional analysis.

Plaintiff cites to the Northern District of California's decision in Digby Adler Group LLC v. Image Rent A Car, Inc., 2010 WL 2867134, No. 10-617SC (ND Cal. 2010), for the proposition that defendant expressly aimed its activities at Washington because it competed with a Washington resident for business in Arkansas. For the reasons discussed above, the Court declines to follow Digby Adler Group to the extent that it supports the exercise of personal jurisdiction over a defendant based solely on non-forum competition with a resident of the forum. The Ninth Circuit requires "something more - conduct directly targeting the forum"- to justify the exercise of personal jurisdiction over defendant in this forum. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1020 (9th Cir. 2002) (internal quotation omitted).

### C. Attorney's Fees

Defendant A-Z Sporting Goods has moved for attorney's fees under RCW 4.28.185(5). Resp. (Dkt. # 87), at 4-5. RCW 4.28.185(5) grants the court discretion to award attorney's fees to defendants served outside of the state that prevail on jurisdictional grounds. See Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 149 (Wash. 1993) (en banc). Because of the confusion created by Brayton Purcell I & II, and the corresponding uncertainty surrounding the Court's jurisdiction over defendant, the Court declines to award defendant attorney's fees in this matter.

### III. CONCLUSION

Having reviewed the record in this matter, the Court finds that plaintiff has not made a *prima facie* showing that defendant A-Z Sporting Goods expressly aimed sufficient conduct at the forum. This case is hereby DISMISSED for lack of personal jurisdiction.

ORDER OF DISMISSAL - 5

Dated this 27th day of January, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 6