UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON SHOE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>A-Z SPORTING GOODS, INC.,<br><br>Defendant. | CASE NO. C09-1042RSL<br><br>ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS |

This matter comes before the Court on "Plaintiff's Motion for Attorneys' Fees & Costs." Dkt. # 121. Having reviewed the memoranda, declarations, and exhibits submitted by the parties and the remainder of the record,[1] the Court finds as follows:

**Background**

Plaintiff accused defendant of copyright infringement. In almost four years of litigation, including an appeal to the Ninth Circuit, the only issue to be resolved was

---

[1] The Court finds that this matter can be decided on the papers. Defendant's request for oral argument is DENIED.

whether this Court has personal jurisdiction over defendant. On February 22, 2013, plaintiff accepted defendant's Rule 68 offer to allow the entry of judgment "in the total sum of Thirty Thousand Dollars and 00/100 Cents ($30,000.00), exclusive of costs and reasonable attorney's fees, as full and final settlement of all claims asserted in this action." Dkt. # 117.

Plaintiff hired McCormack Intellectual Property Law Business Law P.S. to represent it in this matter. The lead attorney, Timothy McCormack, graduated from the University of Oregon School of Law in 1997. Other attorneys with significant billable hours in this matter are Karen Griffith (J.D. in 2003), Lauren Kingston (J.D. in 2007), John Lohrmeyer (J.D. in 2008), and Eric Harrison (summer associate). In addition, plaintiff associated John Widell, a solo practitioner, and Peter Shakula of the law firm Wood Phillips. Mr. Widell graduated from the University of Washington School of Law in 1988. Mr. Shakula got his J.D. from Indiana University in 1989.

Plaintiff seeks an award of attorney's fees in the amount of $267,814.00 and costs in the amount of $22,338.94.

**Discussion**

Defendant, relying on the facts that it has not admitted liability or been found liable for copyright infringement in the above-captioned matter, argues that plaintiff is not the prevailing party. The only issue resolved in the litigation – namely, this Court's personal jurisdiction over defendant – was resolved in plaintiff's favor. Defendant subsequently offered $30,000 (the statutory damages amount) to settle a case in which actual damages would likely be in the $1,000 range. Defendant expressly

ORDER GRANTING IN PART PLAINTIFF'S
REQUEST FOR ATTORNEY'S FEES AND
COSTS- 2

acknowledged that the $30,000 payment was exclusive of plaintiff's ability to seek recovery of costs and reasonable attorney's fees. Given the context in which the offer was made and its relative size, the Court has no trouble concluding that plaintiff is the prevailing party in this litigation.

Moreover, defendant's disclaimer of liability does not, in and of itself, insulate defendant from an award of costs under Rule 68. The rule authorizes offers "to allow judgment on specified terms, with the costs then accrued." While the amount of costs is negotiable, the award of costs is not. Marek v. Chesny, 473 U.S. 1, 6 (1985) ("If the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs.") (internal citation omitted). Where the underlying statute defines "costs" to include attorney's fees, the definition will apply for purposes of Rule 68. U.S. v. Trident Seafoods Corp., 92 F.3d 855, 860 (9th Cir. 1996). Such is the case here: the Copyright Act allows the Court to award reasonable attorney's fees to the prevailing party "as part of the costs." 17 U.S.C. § 505. Plaintiff is, therefore, entitled to an award of costs, which includes attorney's fees, in the discretion of the Court.

In Washington, the "lodestar" method is the starting point for fee calculations. The "lodestar" figure is calculated by multiplying the number of hours reasonably expended on the matter by a reasonable hourly rate. Id. Reasonable rates are established by reviewing fees that private attorneys "of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of

similar complexity." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 (9th Cir. 2007) (internal quotation marks omitted). To establish the reasonable rate, "the relevant community is the forum in which the district court sits." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008). Defendant challenges both the reasonableness of the number of hours billed and the hourly rates charged by plaintiff's counsel.

Plaintiff argues that its request for $267,814.00 in fees is reasonable because counsel charged the prevailing rate in the Seattle market and "the issues were complex and the attorneys very skilled." Dkt. #121 at 11. No evidence is provided regarding the reasonableness of the hourly rates charged for attorneys ($130-$375), paralegals ($75-$150), or summer associates ($125-$200). Based on other cases in this district, the Court is willing to presume that charges of up to $375 for experienced intellectual property lawyers and $150 for experienced paralegals is reasonable. The Court has carefully reviewed the billing statements provided by plaintiff, however, and finds that counsel's claimed expertise did not redound to the benefit of its client in a number of instances. For example, counsel billed significant amounts of time on procedural matters (including time billed by senior attorneys), charged inordinate amounts on relatively simple matters, and turned staff over so quickly that new people were constantly being brought up to speed.[2] Counsel's expertise apparently did not extend to preliminary issues such as personal jurisdiction, necessitating extensive

---

[2] Of the twenty-one professional staff members assigned to this case, fourteen worked on the matter for six months or less.

ORDER GRANTING IN PART PLAINTIFF'S
REQUEST FOR ATTORNEY'S FEES AND
COSTS- 4

research and related expenses as it became clear that plaintiff was pushing the jurisdictional envelope by filing in this district. Plaintiff cannot have it both ways: one cannot claim expertise as justification for high hourly rates and then spend significant amounts of time on procedural, simple, and/or threshold matters. The Court finds that an overall reduction of recoverable fees by 25% is appropriate.

The Court finds that fees associated with the following activities are not recoverable because they did not further the prosecution of this action, were unreasonable given the procedural context, and/or were unrelated to the limited relief obtained by plaintiff:

- Investigation and research related to claims that were not asserted or pursued ($3,731.00)

- Activities that are not sufficiently described for billing purposes ($302.50)[3]

- Efforts to validate the underlying copyrights ($1,196.00)

- Subpoenaing eBay and defending the subpoena ($10,798.00)

- Support services, such as word processing, scanning, and/or document distribution, the charge for which should have been built into counsel's hourly rate per Missouri v. Jenkins by Agyei, 491 U.S. 274, 285 (1989) ($3,300.50)

- Unsuccessful motions to extend jurisdictional discovery and to compel discovery regarding A-Z affiliates ($13,063.50)

---

[3] Plaintiff cut most of the hours associated with these entries. The charges related to the few remaining entries have been deducted.

- ■ Research and drafting of the summary judgment motion when no deadline was pending and defendants had already filed a motion for interlocutory appeal ($12,666.00)[4]

Where the timekeeper's entry includes multiple tasks with no indication of how much time was spent on an unrecoverable activity, the entire entry was cut.

Finally, the Court finds that plaintiff made no effort to justify the association of co-counsel in this matter or charging an hourly rate of $200 for the work of a summer associate.  Fees charged by Mr. Widell, Mr. Shakula, and Mr. Harrison (totaling $75,591.50)  have been cut.

## Conclusion

For all of the foregoing reasons, plaintiff's motion for attorney's fees and costs is GRANTED in part and DENIED in part.  Plaintiff is hereby awarded $110,373.75 in fees and $22,338.94 is costs, for a total of $132,712.69.


Dated this 12th day of August, 2013.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[4] Similar charges incurred after remand from the Ninth Circuit are recoverable.

ORDER GRANTING IN PART PLAINTIFF'S
REQUEST FOR ATTORNEY'S FEES AND
COSTS- 6